**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.  20-CV-80816-Middlebrooks/Brannon**

**NIKOL HAVRANEK,**

        **Plaintiff,**

**v.**

**UNIVERSITY OF FLORIDA**
**BOARD OF TRUSTEES,**

        **Defendant.**
_____/

**DEFENDANT UNIVERSITY OF FLORIDA UNIVERSITY BOARD OF TRUSTEES'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant UNIVERSITY OF FLORIDA BOARD OF TRUSTEES (hereinafter "UF"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and Southern District Local Rule 7.1, hereby serves its Motion to Dismiss Plaintiff's Complaint, with the incorporated Memorandum of Law, and requests this Court to dismiss Plaintiff's Complaint with prejudice, and in support thereof, states as follows:

1.      This suit arises from allegations of violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e et seq (hereinafter "Title VII").  The suit additionally alleges violations of the Florida Civil Rights Act of 1992 (hereinafter "FCRA"); the Florida Worker's Compensation Law (hereinafter "FWC"); and the Florida Public Whistleblower's Act (hereinafter "FPWA").  The claims related to FCRA, FWC, and FPWA are collectively referred to as the "State law claims."

Havranek v. U.F.
Case No.  20-CV-80816
Page 2 of 16

2.     UF moves to dismiss the State law claims found in Counts I, II, IV, V, and VIII based on Eleventh Amendment immunity which bars such claims.

3.     UF further moves to dismiss the remaining counts of Plaintiff's Complaint based on the failure to allege a prima facie case of gender discrimination (Count III), retaliation (Count VI), or hostile work environment (Count VII) based on gender under Title VII.

## MEMORANDUM OF LAW

### I.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam). "Factual allegations must be enough to raise a right to relief above the speculative level . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The case allegations must give a defendant fair notice of the plaintiff's claims and the grounds upon which they rest.  Id. Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (other citations omitted).

Havranek v. U.F.
Case No.  20-CV-80816
Page 3 of 16

Although a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor, Id., a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555; *See* also May v. Am. Cast Iron Pipe Co., 2014 U.S. Dist. LEXIS 34177 (N.D. Ala. Mar. 16, 2014) citing Clemons v. Crawford, 585 F.3d 1119 (8th Cir. Mo. 2009).

## II.   Plaintiff's State Law Claims Are Barred as a Matter of Law by UF's Eleventh Amendment Immunity

Counts I, II, IV, V, and VIII of Plaintiff's Complaint allege State law claims which must be dismissed based upon UF's Eleventh Amendment immunity, as this Court does not have jurisdiction over these claims.   The United States Supreme Court has "consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); *see* also, Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54, 72 (1996).  Absent waiver, neither a State nor agencies acting under its control may "be subject to suit in federal court." Welch v. Texas Dept. of Highways and Public Transp., 483 U.S. 468, 480 (1987) (plurality opinion).

It is undisputed that UF is an agency or instrumentality of the State of Florida for Eleventh Amendment immunity purposes.  *See* Beaulieu v. Bd. of Trs. of Univ. of W Fla., No. 3:07cv30/RV/EMT, 2007 WL 2900332, at *1 (N.D. Fla. Oct. 2, 2007); *see* also, Fla. Stat. § 1000.21(6)(a) (2019); Fla. Stat. § 1001.72(2) (2019) (Each university board of

Havranek v. U.F.
Case No.  20-CV-80816
Page 4 of 16

trustees shall be a public body corporate "constituted as a public instrumentality"); Fla. Stat. § 768.28(2) (2019) ("state agencies or subdivisions" for purposes of sovereign immunity includes state university boards of trustees).  While the State of Florida has waived its sovereign immunity to certain tort actions in state court pursuant to  Fla. Stat. § 768.28(1) (2019), that limited waiver of immunity does not apply to lawsuits in federal court, nor does it waive Eleventh Amendment immunity. Beaulieu, 2007 WL 2900332, at *1.

In Haynes v. Department of Ins., 1997 U.S. Dist. LEXIS 22038 (S.D. Fla. Dec. 3, 1997), the court examined whether a claim brought in federal court under the Florida Civil Rights Act was barred by State's Eleventh Amendment immunity.  In its opinion, the court agreed with other district courts which have found that there is no Eleventh Amendment immunity in respect to any Title VII claims as Congress intended to abrogate the Eleventh Amendment immunity of states for actions under Title VII.  Id. citing to Brogdon v. Alabama Department of Economic and Community Affairs, 864 F. Supp. 1161 (M.D. Al. 1994).  However, the court further opined that "the same is not true regarding any claims made against the State of Florida, or one of its agencies, under the Florida Civil Rights Act." Haynes at 7.  Ultimately, the court found that, absent a specific waiver of sovereign immunity by the State of Florida to consent to be sued in Federal Courts under the Florida Civil Rights Act, the Eleventh Amendment immunity applied.  Id.; See also Yeary v. State of Florida Department of Corrections, 1997 U.S. Dist. LEXIS 8839 (M.D. Fla. 1997).

Havranek v. U.F.
Case No.  20-CV-80816
Page 5 of 16

In the instant case, Plaintiff, a private citizen, asserts State law claims against UF and alleges that the court has jurisdiction to hear the state law claims under § 760.10, the Florida Civil Rights Act, pursuant to the court's supplemental jurisdiction provided in 28 U.S.C. § 1367. [D.E. 1, Page 1, ¶ 2].

Simply put, this court does not have jurisdiction to hear the State law claims and these claims must be dismissed as a matter of law.  UF has not waived its Eleventh Amendment immunity from being sued for state law claims in Federal Court, and because Plaintiff's State law claims do not arise under any Federal Law purporting to abrogate UF's Eleventh Amendment immunity, this Court lacks jurisdiction to entertain those claims.  As such, the State law claims, Counts I, II, IV, V, and VIII of Plaintiff's Complaint should be dismissed.

**III.**  **Plaintiff Fails to Allege a Prima Facie Case of Gender Discrimination or Retaliation or Hostile Work Environment based on same**

The remainder of Plaintiff's Complaint, Counts III, VI, and VII, allege sex discrimination against UF in violation of Title VII of the Civil Rights Act of 1964 (Count III) and retaliation (Count VI) and hostile work environment (Count VII) based on same.  All such claims fail to sufficiently allege claims for sex discrimination and/or impermissibly rely upon an untimely, discrete alleged adverse employment action which occurred over 300 days prior to Plaintiff's filing of a charge of discrimination.

Havranek v. U.F.
Case No.  20-CV-80816
Page 6 of 16

### A.  Plaintiff's burden, generally

Title VII prohibits employment discrimination on the basis of gender.  42 U.S.C. § 2000e-2(a).  To establish a prima facie case of disparate treatment, a female plaintiff must show that her employer treated similarly situated male employees differently.  Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999).  A plaintiff pursuing a claim under Title VII can establish her employer's discrimination with either direct or circumstantial evidence.  See Green v. Sch. Bd. of Hillsborough Cnty., Fla., 25 F.3d 974, 978 (11th Cir. 1994).  Direct evidence "reflects a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee."  Van Voorhis v. Hillsborough Cnty. Bd. of Cnty. Comm'rs, 512 F.3d 1296, 1300 (11th Cir. 2008).  "Only the most blatant remarks, whose intent could be nothing other than to discriminate on the [relevant protected] basis . . . constitute direct evidence of discrimination."  Id. (alteration and internal quotation marks omitted).

To establish intentional discrimination based on circumstantial evidence, as the Plaintiff in the case at bar is attempting to do, a court must analyze the claim under the McDonnell Douglas burden shifting framework, which sets forth a three-step framework for analyzing discrimination claims as follows:  (i) the plaintiff bears the initial burden of establishing a prima facie case of discrimination; (ii) if the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory basis for its actions; and (iii) assuming the defendant meets its burden, the burden shifts back to the plaintiff to prove that the reasons proffered by the defendant were merely

Havranek v. U.F.
Case No. 20-CV-80816
Page 7 of 16

pretextual.  *See* Kidd v. Mando Am. Corp., 731 F.3d 1196, 1202 (11th Cir. 2013);

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973).

Under this framework, a plaintiff must first set out a prima facie showing of

discrimination.  Kidd at 1202.  First, a plaintiff must establish a prima facie case of

discrimination by demonstrating that (i) she is a member of a protected class; (ii) she was

qualified for the job; (iii) she suffered an adverse employment action; and (iv) a similarly

situated individual outside her protected class was treated more favorably.  Crawford v.

Carroll, 529 F.3d 961, 970 (11th Cir. 2008).  An adverse employment action is not only

an element of the prima facie case, but an element of the claim itself.  Holland v. Gee,

677 F.3d 1047, 1056 (11th Cir. 2012).  An adverse employment action is "a serious and

material change in the terms, conditions, or privileges of employment."  Id.  Generally, an

adverse employment action requires a significant change in employment status, such as

hiring, firing, failing to promote, reassignment with significantly different responsibilities,

or a decision causing a significant change in benefits.  Davis v. Town of Lake Park, Fla.,

245 F.3d 1232, 1239 (11th Cir. 2001).  The employee's subjective view of the significance

and adversity of the employer's action is not controlling.  Kidd, 731 F.3d at 1204.  Rather,

the employment action must be materially adverse as viewed by a reasonable person

under the same circumstances.  Id.  "[N]ot all conduct by an employer negatively affecting

an employee constitutes adverse employment action."  Davis, 245 F.3d at 1238.  Title VII

is neither a general civility code nor a statute making actionable the ordinary tribulations

of the workplace.  Cotton v. Cracker Barrel Old Country Store, Inc., 434 F.3d 1227, 1234

Havranek v. U.F.
Case No.  20-CV-80816
Page 8 of 16

(11th Cir. 2006).  Further, Title VII was not designed to make federal courts second-guess the business judgment of employers.  <u>Davis</u>, 245 F.3d at 1244.  Work assignment claims, absent unusual circumstances, typically do not constitute adverse employment actions. <u>Id</u>. at 1244-45.

Additionally, to properly plead a prima facie case of retaliation in a Title VII claim, a plaintiff must sufficient plead three elements:  first, the plaintiff engaged in statutorily protected conduct; second, the plaintiff suffered an adverse employment action; and finally, the adverse action was causally related to the protected expression.  <u>Goldsmith v. City of Atmore</u>, 996 F.2d 1155, 1163 (11th Cir.1993)).   To establish that causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse act were at least somewhat related and in close temporal proximity.  <u>Farley v. Nationwide Mut. Ins. Co.</u>, 197 F.3d 1322, 1336.

Moreover, to establish a hostile work environment claim under Title VII, a plaintiff must show that (1) she belongs to a protected group; (2) she has been subjected to unwanted harassment; (3) the harassment was based on her membership in the protected group; (4) the harassment was severe or pervasive enough to alter the terms and conditions of her employment; and (5) the employer may be held liable under either a theory of vicarious or of direct liability.  <u>Bryant v. Jones</u>, 575 F.3d 1281, 1296 (11th Cir. 2009).

Havranek v. U.F.
Case No.  20-CV-80816
Page 9 of 16

### B.  Timeliness of claim

Pursuant to 42 U.S.C.S § 2000e, a plaintiff must timely file a charge of discrimination with the EEOC within 180 days, or 300 days if also filed with a state or local agency.  Generally, a plaintiff can attempt to make allegations beyond this time bar by arguing that the alleged violation of employment law continued from a point beyond the 300-day cut-off to a point in time safely within said period.

However, the continuing violation theory is not applicable to discrete acts of discrimination.  McCann v. Tillman, 526 F.3d 1370, 1379 (11th Cir. 2008).  Discrete acts are not actionable when time-barred because such discrete acts like termination, failure to promote, denial of transfer, or refusal to hire are easy to identify and constitute a separate unlawful employment practice.  National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 110-14, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002); Gowski v. Peake, 682 F.3d 1299,1312-13 (11th Cir. 2012); Freeman v. City of Riverdale, 330 F. App'x 863, 866 (11th Cir. 2009) (categorizing termination, assignment of janitorial tasks, and denial of request for training as discrete acts); Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 970 (11th Cir. 2008) (recognizing that hiring decisions and work assignments constituted discrete acts); Meidling v. Walgreen Co., No. 8:12-CV-2268-T-30TBM, 2014 U.S. Dist. LEXIS 80880, 2014 WL 2700742, at *4 (M.D. Fla. June 13, 2014)  (concluding that involuntary transfer was a discrete act of discrimination and continuing violation theory could not rescue transfer claim). Holland v. Sebelius, 51 F. Supp. 3d 1357, 1376, 2014 U.S. Dist. LEXIS 138847, *45.

Havranek v. U.F.
Case No.  20-CV-80816
Page 10 of 16

**C.  Plaintiff's allegations, even taken as true, do not rise to the level of an adverse employment action**

Plaintiff's Complaint is rife with allegations that are conclusory and/or no more than the "ordinary tribulations" of the workplace that are not actionable under Title VII. Plaintiff's allegations made against Dr. Odero are the only ones in which Plaintiff even attempts to make allegations with sufficient specificity.  However, these allegations are still impermissibly vague and/or are commonplace and represent little more than the "ordinary tribulations" of the workplace.

Specifically, the impermissibly vague allegations against Dr. Odero include his a) allegedly becoming "visually irritated" with Plaintiff [D.E. 1, Page 11, ¶52]; b) allegedly removing Plaintiff's undefined "office privileges" [D.E. 1, Page 13, ¶58h]; c) allegedly requiring Plaintiff to sign some sort of "falsified document" despite the fact that this allegation appears nowhere else in the Complaint and fails to state how Plaintiff was "forced" into same [D.E. 1, Page 13 ¶58d]; and d) allegedly failing to recommend Plaintiff for a nebulous "promotion" for which Plaintiff fails to set forth any allegation as to whether she was qualified to receive same or when same occurred to establish that same occurred within the 300 days of the filing of her charge [D.E. 1, Page 14 ¶58j].

Even more vague is Plaintiff's allegation that she had "always" experienced "some level of gender discrimination…" while employed at UF, which is emblematic of the lack of necessary specificity in the Complaint [D.E. 1, Page 4, ¶18].  Additionally, she generally

Havranek v. U.F.
Case No.  20-CV-80816
Page 11 of 16

alleges she was held to a "different standard" employment-wise than male counterparts

and was "belittled," but gives little to no specifics as to same [D.E. 1, Page 5, ¶22].

Plaintiff's conclusory, non-specific allegations as to her treatment versus others,

generally, is insufficient, as her Complaint fails to allege sufficient facts that gender was

the reason for Plaintiff's alleged adverse employment action.  <u>Davis</u>, 516 F.3d at 974.

### D.  Plaintiff's allegations relate to ordinary workplace tribulations

Moreover, the remaining allegations set forth by Plaintiff relate to commonplace

"ordinary tribulations" of the workplace which cannot form the basis of an adverse

employment action.  These include Plaintiff's alleged a) work location and access [D.E.

1, Page 13, ¶58a and b]; b) lack of inclusion in certain meetings [D.E. 1, Page 13 ¶58c];

and c) work assignments and timing of same [D.E. 1, Page 13 ¶58e, f, and g].  Even if

this Court deemed any of these allegations to be sufficiently specific to allow for a

response from UF, any potentially surviving allegations surely do not reach the level of a

significant change in employment status as is required by law.

### E.  Plaintiff's allegations fail to allege necessary causal connection

In addition to Plaintiff's failure to make timely and specific allegations, just as telling

is Plaintiff's failure to allege any facts linking gender to the alleged discrimination.  This

pleading deficiency is particularly fatal to Count VI (Retaliation), a cause of action already

on tenuous ground since Plaintiff cannot establish a prima facie case as to gender

discrimination, which, in and of itself, would be fatal to the corresponding claim for

retaliation.  However, for retaliation, Plaintiff must also show that UF was aware of the

Havranek v. U.F.
Case No.  20-CV-80816
Page 12 of 16

protected conduct of Plaintiff making gender discrimination complaints.  Logic dictates

that UF could not have "retaliated" against Plaintiff based on her alleged complaints of

gender discrimination if Plaintiff never specifically alleged gender discrimination prior to

the alleged retaliation.  Plaintiff's subjective view of what these prior complaints meant to

her are irrelevant to this issue and cannot be used to satisfy the necessity for a causal

connection.

Plaintiff's Complaint specifically identifies one event which Plaintiff claims led to

the alleged retaliation -- a March 6, 2018 letter written by Plaintiff to Dr. Greg Nuessly, the

Director of UF's Everglades Research and Education Center, where Plaintiff worked [D.E.

1, Page 6, ¶26].  Plaintiff fails to attach this letter to the Complaint, but even her attempted

recitation of the facts shows absolutely no reference to gender or disparate treatment

whatsoever, instead referencing more workplace tribulations [D.E. 1, Page 5-6, ¶25].

Therefore, in addition to the other shortcomings referenced herein, because

Plaintiff has not shown a causal connection between any protected activity and an

adverse employment action, she has not established a prima facie case of retaliation and

her claim for same must be dismissed.

### F.  Plaintiff's Claims are Untimely

Moreover, Plaintiff did not file her Charge of Discrimination with the EEOC until

May 14, 2019.  Because she also filed a charge with a local agency, she is afforded a

300-day period within which to make such a charge.  As such, Plaintiff's 300-day time

period stretches back to just July 18, 2018.  Despite same, Plaintiff's entire Complaint

Havranek v. U.F.
Case No.  20-CV-80816
Page 13 of 16

impermissibly relies on allegations which pre-date this actionable time period [D.E. 1, Page 4, ¶14 – Page 8, ¶35].  For any cause of action that relies on allegations which occurred prior to July 18, 2018, and does not allege a continuing violation, this Court should dismiss same.

While Plaintiff will undoubtedly attempt to argue the continuing violation theory, same cannot be argued as to Count VI, Retaliation, as the alleged adverse employment action which forms the basis of this Count is the alleged "10% decrease in her pay" [D.E. 1, Page 25, ¶142] which undisputedly occurred "on or about March 27, 2018" [D.E. 1, Page 6, ¶26], or nearly 14 months prior to filing of the Charge, well in excess of 300 days. This employment action is a discrete act which occurred approximately 413 days prior to the filing of the charge in question, thus making same untimely.

Other Courts have found similar actions such as termination, failure to promote, denial of transfer, or refusal to hire to be similarly easy to identify such that the continuing violation theory could not apply.  National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 110-14, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002); Gowski v. Peake, 682 F.3d 1299,1312-13 (11th Cir. 2012); Freeman v. City of Riverdale, 330 F. App'x 863, 866 (11th Cir. 2009) (categorizing termination, assignment of janitorial tasks, and denial of request for training as discrete acts); Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 970 (11th Cir. 2008) (recognizing that hiring decisions and work assignments constituted discrete acts); Meidling v. Walgreen Co., No. 8:12-CV-2268-T-30TBM, 2014 U.S. Dist. LEXIS 80880, 2014 WL 2700742, at *4 (M.D. Fla. June 13, 2014)  (concluding that

Havranek v. U.F.
Case No. 20-CV-80816
Page 14 of 16

involuntary transfer was a discrete act of discrimination and continuing violation theory could not rescue transfer claim). Holland v. Sebelius, 51 F. Supp. 3d 1357, 1376, 2014 U.S. Dist. LEXIS 138847, *45.

As such, because Plaintiff's entire claim for retaliation is based on a discrete event which occurred well beyond the 300-day period for making a charge of discrimination, her claim for retaliation is untimely and must be dismissed.

## IV.   Conclusion

This Court has no jurisdiction to hear Plaintiff's State law claims based on UF's Eleventh Amendment immunity, and therefore, same should be dismissed.  As such, Defendant UNIVERSITY OF FLORIDA BOARD OF TRUSTEES respectfully requests this Court dismiss Counts I, II, IV, V, and VIII with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Southern District Local Rule 7.1.

As to the non-State law claims, the conduct complained of, even if accepted as true, does not amount to adverse employment actions.  Plaintiff instead relies on allegations which are conclusory, are ordinary workplace tribulations, are untimely, and provide no causal link between the alleged employment complaints and the alleged retaliation of a reduction in pay.  As Plaintiff has failed to allege an adverse employment action, an indispensable element of an employment discrimination claim, she has failed to assert a facially plausible claim that would allow the reasonable inference that UF is liable for gender discrimination or retaliation or hostile work environment based on same. Iqbal, 556 U.S. at 678; Davis, 245 F.3d at 1238.  As such, Defendant UNIVERSITY OF

Havranek v. U.F.
Case No.  20-CV-80816
Page 15 of 16

FLORIDA BOARD OF TRUSTEES, respectfully requests this Court dismiss Counts III,

VI, and VII with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6) and

Southern District Local Rule 7.1, as Plaintiff has failed to, and cannot under the facts of

this case, state a cause of action, or allege a prima facie case of gender discrimination,

retaliation, hostile work environment, and for such other relief as the Court deems just.

**Respectfully submitted,**

s/Alicia Lyons Laufer
Alicia Lyons Laufer, Esq.
Florida Bar No. 414336
alaufer@lauferlawyers.com
LAUFER & LAUFER, PA
7251 W. Palmetto Park Rd., Suite 305
Boca Raton, FL 33433
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 24, 2020, I electronically filed the foregoing
document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing
document is being served this day on all counsel of record identified in the attached
Service List in the manner specified, either via transmission of Notices of Electronic Filing
generated by CM/ECF or in some other authorized manner for those counsel or parties
who are not authorized to receive electronically Notices of Electronic Filing.

By:  s/Alicia Lyons Laufer
     Alicia Lyons Laufer
     Florida Bar No.:  414336

Havranek v. U.F.
Case No.  20-CV-80816
Page 16 of 16

**<u>SERVICE LIST</u>**

Gregory S. Sconzo, Esq.
THE LAW OFFICE OF GREGORY S. SCONZO, P.A.
**Counsel for Plaintiff**
5080 PGA Boulevard, Suite 213
Palm Beach Gardens, FL 33418
Telephone: (561) 729-0940
Email: greg@sconzolawoffice.com
Email: sarah@sconzolawoffice.com